UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

QUATRON CROPP,

    Plaintiff,

vs.

PETE WILSON, KEN STEENBLOCK, LINN COUNTY JAIL, and JOHNSON COUNTY JAIL,

    Defendants.

No. 15 cv 145 EJM

ORDER

This matter is before the court on defendant Johnson County Jail's unresisted motion to dismiss filed April 14, 2015. Granted. Dismissed as to Johnson County Jail.

Plaintiff, an inmate in the Fort Dodge Correctional Facility, brings this action under 42 U.S.C. §1983 seeking redress for the deprivation of his constitutional rights while at the Linn County Jail. For purposes of this motion to dismiss, the court will "accept as true all of the factual allegations contained in the Complaint," and will draw "all reasonable inferences…in favor of the plaintiff." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2009). Jurisdiction is under 28 U.S.C. §1331.

Plaintiff alleges against the Johnson County Jail, in its entirety:

> The reason I want to pursue with Johnson County is for emotional disstress (sic), neglegance (sic), lying, and for being one of many leading reasons for me staying in Linn County Jail due to the fact that I was neglected to be put on the "list," when I was officially told on September 10, 2015 by the Johnson County Judge and my public defender Brandon Shrock.

At most, this alleges a damages claim for (1) emotional distress, (2) negligence, and (3) lying leading him to be detained in the Linn County Jail.

Regarding his claim for emotional distress, the Prison Litigation Reform Act, set out in 42 U.S.C. § 1997e, provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act ... ." Plaintiff alleges no physical injury and no sexual act related to his claim for emotional distress against the Johnson County Jail. Therefore, his claim for emotional distress must fail. See Royal v. Kautzky, 375 F.3d 720 (8th Cir. 2004).

Regarding plaintiff's claim for negligence, he does not indicate what duty was breached, beyond failing to put him on an unexplained "list", or who breached said duty. He also does not indicate how said breach caused him damage. This limited information does not set forth a valid claim for negligence. Even if it did, however, and plaintiff was able to offer sufficient proof of a negligence claim, negligence by Johnson County officials is not sufficient to support a Section 1983 claim. See, e.g., Ervin v. Busby, 992 F.2d 147, 151 (8th Cir. 1993). Plaintiff's negligence claim also fails.

Regarding plaintiff's claim that some unnamed person at the Johnson County Jail lied which caused him to remain at the Linn County Jail, there is insufficient detail to support a cause of action under section 1983. Plaintiff does not reveal who lied, to whom they lied, or what they allegedly lied about. He does not indicate what "list" he was not put on that allegedly caused him to remain in the custody of Linn County or how a failure to put him on said list was a violation of his Constitutional rights. Plaintiff's Complaint, at least as it pertains to Johnson County Jail, does not set forth sufficient facts to establish a plausible claim against the Johnson County Jail, or any Johnson County Jail employee, for that

2

matter. Plaintiff's Complaint fails to state a claim upon which relief may be granted as to Johnson County Jail.

It is therefore

ORDERED

Granted. Dismissed as to Johnson County Jail.

May 9, 2016

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT